

Bryan E. Ransom, H-71641
P.O. Box 3030
Susanville, Ca. 96127
In Pro Per

FILED
APR 30 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

United States District Court
Northern District of California

CW

Bryan E. Ransom
Plaintiff,

v

Duncan, Deputy Director of CDCR; John Does 1-10
Defendants

CV 08 2256 Case No:

(PR)

42 USC. § 1983
Civil Complaint

State Common Law
Intentional Infliction of Emotional Distress

Injunctive Relief

Demand Jury Trial

C08-2256CW

## Introduction

1. This is a civil rights action filed by Bryan E. Ransom, a state prisoner, for damages and injunctive relief under 42 USC §1983, alleging Deliberate Indifference in violation of the 8th Amendment of the United States Constitution. Plaintiff also alleges the Tort of Intentional Infliction of Emotional Distress.

## Jurisdiction

2. This case is brought pursuant to 42 U.S.C. §1983 to redress the deprivation, under color of state law of rights secured by the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. The court also has pendant/supplemental jurisdiction over the state claims herein. The unlawful acts and practices alleged occurred primarily within this jurisdiction. 28 U.S.C. § 1391(b).

## Exhaustion of Remedy

3. Plaintiff has exhausted administrative appeals in connection with these claims adequate for exhaustion herein.

## Parties

4. Plaintiff, Bryan E. Ransom is a Prisoner housed at High Desert State Prison

5. Defendant Duncan at all times mentioned herein was the California Department of Correction and Rehabilitation (CDCR) Deputy Director and was employed at CDCR Headquarters. He is sued in his official and individual capacity.

6. Defendant John Does 1-10 at all times mentioned herein are Defendant Duncan's successors and designatees employed at CDCR Headquarters. They are sued in their official and individual capacities.

7. The true names and capacity of said Does are presently unknown to Plaintiff who sues Does by such fictitious names and will seek to amend their names and capacity when such has been ascertained.

8. All Defendants herein have acted, and/or continue to act under color of state law at all times relevant to this complaint.

## Facts

Claim 1: Deliberate Indifference To Serious Medical and Dental Needs Due To Overcrowding Caused by Illegal Double-Celling

9. On April 25, 2003, Defendant Duncan implemented and enforced a state-wide policy throughout CDCR which requires prisoners to be double celled.

10. Defendant Duncan and his successors Defendants John Does 1-10, double cell policy was examined by the Office of Administrative Law (OAL) who reported that this Double cell policy had not been approved in accordance with the Administrative Procedure Act (APA) and was therefore an "Underground" policy unenforceable by law (i.e. illegal)

11. Defendant Duncan and his successors Defendants John Does 1-10 illegal policy of double celling has consequently

inflated CDCR's Prison Population over double its designed capacity and over 300% of its authorized capacity!

12. Defendant Duncan and his successors Defendants John Doe 1-10 illegal double cell policy has consequently overwhelmed CDCR's Medical and Dental Department and its ability to treat Plaintiff's serious medical and dental needs.

13. In 2004, CDCR diagnose Plaintiff as having Hepititis-C and subsequently placed him on the waiting list for Inter-Feron treatment.

14. Due to the extensive waiting list for Inter-Feron treatment caused by Defendant Duncan and his successors Defendants John Doe 1-10 illegal double cell policy, Plaintiff has not been able to receive the prescribed Inter-Feron treatment for his Hep.-C.

15. The excessive delay due to Defendant Duncan and his successors Defendants John Doe 1-10 has caused a progression in Plaintiff's condition and irreparable damage to his liver.

16. On or about February 11, 2007, Plaintiff went to the Dentist because his teeth were causing him severe pain as was

stated in his "Emergency" Dental request and interview.

17. The Dentist examined Plaintiff and discovered that Plaintiff was in need of Dental Care. (i.e. fillings, repairs, bridge work, partials, etc....).

18. However, due to the overcrowded conditions caused by Defendant Duncan and his successors Defendants John Does 1-10 enforcement of its illegal double cell policy which overwhelms CDCR's Medical and Dental Department the Dentist was not able to work on Plaintiff and put him on a waiting list.

19. Due to the extensive waiting list for Dental care caused by Defendant Duncan and his successors Defendants John Does 1-10 enforcement of its illegal double cell policy, Plaintiff is yet to receive needed Dental care.

20. Plaintiff submitted a CDC 602 seeking redress on these issues however Defendants Designatees responded stating that they would continue this illegal practice of Double Celling and offered no relief!

21. Defendants actions has caused Plaintiff physical damages, pain, and suffering and serves no legitimate correctional goal.

# Claim For Relief

22. The actions of Defendants Duncan and John Does 1-10 in implementing and/or enforcing an illegal policy that caused an overcrowding so severe that it impeded upon Plaintiff's access to Medical/Dental Care Constitutes Deliberate Indifferences in violation of the 8th Amendment of the United States Constitution

# Relief Requested

WHEREFORE, Plaintiff request the Court to GRANT the following:

A. Issue a declaratory judgment stating that:

1. Defendants Duncan and John Does 1-10 implementation and/or enforcement of its illegal double celling policy which caused an overcrowding so severe that it denied Plaintiff access to serious Medical/Dental care violated Plaintiff's rights under the 8th Amendment of the United States Constitution

B. Issue an Injunctive Order to Defendants and their agents to:

1. Refrain from the illegal practice of double celling

C. Award compensatory damages against all Defendants for their implementation and/or enforcement of its illegal policy of double celling which caused an overcrowding so severe that it denied Plaintiff access to Medical/Dental care.

D. Award Punitive Damages against all Defendants herein.

Dated: April 23, 2008

B. Ransom
In Pro Per

Bryan E. Ransom, H-71641
P.O. Box 3030 Z-Unit 195
Susanville Ca. 96127

HIGH DESERT STATE PRISON

neopost

049J82046573
$01.14⁰
04/24/2008
Mailed From 96127
US POSTAGE

RECEIVED
APR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Office of The Clerk
450 Golden Gate Ave
San Francisco, Ca.
94102-3483

Z

STATE PRISON

LEGAL MAIL